**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ARTHUR LEE DEAR, JR.,

      Plaintiff,

      v.

GLYNN COUNTY, et al.,

      Defendants.

CIVIL ACTION NO.: 2:25-cv-16

## **O R D E R**

Plaintiff filed a Motion for Reconsideration, though he cites Federal Rule of Civil Procedure 60(b).  Doc. 27.  Plaintiff's filing is sparse in detail and difficult to follow.  Nonetheless, it appears that Plaintiff makes two requests.  I address both here.

## I.     Motion for Reconsideration

Plaintiff asks the Court to reconsider its rulings regarding Local Rules 5.2, 5.5, and 6. <u>Id.</u> A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." <u>Smith ex rel. Smith v. Augusta-Richmond County</u>, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted).  "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Id.</u> (internal citation omitted).  "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact." <u>Jacobs v. Tempur-Pedic Intern., Inc.</u>, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting <u>In re Kellogg</u>, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could

have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion for Reconsideration and **DENIES** Plaintiff's Motion on this basis. Doc. 27. Plaintiff presents no newly discovered evidence that convinces the Court to reconsider the decision to dismiss and close Plaintiff's case based on his failure to follow the Court's Orders and to prosecute. Docs. 25, 26. The Court did not dismiss Plaintiff's cause of action based on any of the Local Rules he cites in his Motion. Doc. 27.

## II.    Plaintiff's Rule 60(b) Motion

Rule 60(b) provides a court may relieve a party from a judgment, order, or proceeding based on claims of: mistake, inadvertence, surprise, excusable neglect; newly discovered evidence; fraud; the judgment is void; and the judgment has been satisfied, released, or discharged. Fed. R. Civ. P. 60(b)(1)–(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from a judgment, order, or proceeding based on "any other reason that justifies relief" raised "within a reasonable time . . . after the entry of the judgment or order." Fed. R. Civ. P. 60(b)(6), (c)(1). Relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of "sufficiently extraordinary" circumstances. Weiss v. Warden, 703 F. App'x 789, 791 (11th Cir. 2017); see also Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014).

The entirety of Plaintiff's assertion is: "R[ule] 60[(b) judgment] may[ ]be considered void as above stated L[ocal] R[ules] have been explained based on violations or miscommunications." Doc. 27 at 1. Although Plaintiff uses the word "void," he does not explain how or why this Court's judgment closing this case is void within the meaning of Rule 60(b)(4). See Williams v.

2

GEO Grp., Inc., No. 23-11921, 2025 WL 327334, at *1 (11th Cir. Jan. 29, 2025) (noting that a judgment can be set aside under Rule 60(b)(4) "for voidness where the court lacked jurisdiction or where the movant was denied due process[]" and that "[a] void judgment is one so affected by a fundamental infirmity . . . .") (citations omitted).  Plaintiff does not show that he is entitled to relief under subsection (4) of Rule 60(b) or any other subsection of this Rule.  I **DENY** Plaintiff's Motion under Rule 60(b).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration and Rule 60(b) Motion.  Doc. 27.  The Court's October 23, 2025 Order remains the Order of this Court, and this case remains **CLOSED**.  Docs. 25, 26.

**SO ORDERED**, this 22nd day of April, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3